IRWIN v. SIBLEY

---

(January 21, 1929. Opinion and Decree.)

---

Ernest J. Robin, of New Orleans, attorney for plaintiff, appellant.

B. Coniffe and F. Williams, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is a suit for damages resulting from a collision of automobiles. The case was tried by a jury and resulted in a verdict for defendant.

The accident occurred on the highway between the City of New Orleans and the City of Baton Rouge, at a point just below Harahan. Plaintiff was driving towards New Orleans and defendant towards Baton Rouge. Just before the collision, defendant, who was driving his own car, passed several cars going in the same direction, the occupants of which testified that he was traveling at a high rate of speed. In order to pass these cars it was necessary for him to drive from the right of the road to the left, because the cars which he passed were where they should have been, on the right side of the road. The accident, in our judgment, was due to the fact that defendant was unable to get back in his proper place on the road after passing the other automobiles in time to avoid colliding with plaintiff's car. In other words, he was traveling so much faster than the cars in front of him that he had to either slacken his speed, or pass the cars, as he did, on their left. In passing them, he either did not see plaintiff's car in time, or if he saw it, miscalculated the time necessary to pass it. Under the circumstances there was no way of plaintiff avoiding the collision, for defendant was directly in his path.

After the accident a bottle half full of whiskey was found in defendant's car. Defendant admitted that the whiskey was there but said that it was the property of a friend of his, who was riding with him. This friend, he says, was drunk, but that he, defendant, had not had a drink that day. A number of witnesses testified that both defendant and his friend were drunk and that both offered whiskey to those

who gathered about the scene of the accident. Whether defendant was under the influence of liquor at the time of the accident or not is unnecessary for us to determine, because he was undobutedly driving very fast and with the same indifference to consequences which over-indulgence in alcoholic stimulants is said to induce in drivers of automobiles. He "stepped on the gas," as the slang phrase goes, and sped on his course, passing every vehicle heedless of oncoming traffic. We believe that he alone is responsible for the accident.

We have reached this conclusion reluctantly because it is contrary to the findings of the jury, whose verdict was in favor of defendant, however, it appears to us that their conclusion is manifestly wrong and it is our duty, under the circumstances to say so.

The plaintiff suffered some physical injury, but no physician has testified, and the proof, in that regard, is very meager and unsatisfactory. His automobile was badly damaged—so much so that it was sold after the accident for $100.00. He claims that the car was worth a thousand dollars, but he admits having paid only $400.00 for it, and he had used it for some time prior to the accident, consequently it had depreciated to some extent. No mechanic or expert was produced to prove the extent of the damage to the automobile. Plaintiff also lost some wages which he says amounts to $100.00. On the whole, we think $500.00 a proper sum to award plaintiff.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Joseph A. Irwin, and against the defendant, William H. Sibley, in the full sum of $500.00, with interest thereon at 5 per cent per annum from judicial demand until paid.